IN RE INTEREST OF WAYNE SAVILLE, ALLEGED TO BE
A MENTALLY ILL DANGEROUS PERSON.
WAYNE SAVILLE, APPELLANT, V. BURT COUNTY
MENTAL HEALTH BOARD, APPELLEE.

626 N.W. 2d 644

Filed May 22, 2001.    No. A-00-644.

Michael J. Tasset, of Johnson & Mock, for appellant.

Daniel A. Smith, Burt County Attorney, for appellee.

IRWIN, Chief Judge, and SIEVERS and INBODY, Judges.

INBODY, Judge.

## INTRODUCTION

Wayne Saville appeals the order of the Burt County Mental Health Board (Board), as affirmed by the district court, finding Saville to be a mentally ill dangerous person, pursuant to Neb. Rev. Stat. § 83-1009 (Reissue 1999), and committing him to the Lincoln Regional Center. For the reasons recited below, we affirm.

## STATEMENT OF FACTS

On December 15, 1999, the Burt County Attorney filed a petition before the Board alleging that Saville, who was incarcerated at the Department of Correctional Services, was a mentally ill dangerous person within the meaning of § 83-1009, who presented a substantial risk of harm to other persons and therefore must be committed to the custody of the State.

Pursuant to the petition, a hearing before the Board of the Sixth Judicial District was held on December 27 and 28, 1999, and evidence was adduced. Following the hearing, on December 28, the Board issued an order adjudicating Saville as a mentally ill dangerous person who presented a substantial risk of serious harm to other persons within the near future and was in need of Board-ordered treatment. The Board further ordered that Saville be retained in custody until such time as the Board determined the best available treatment alternative and that Saville undergo a psychological examination. Saville did not appeal this determination.

On February 3, 2000, a disposition hearing was held by the Board to consider the least restrictive treatment options for Saville. At this hearing, a psychiatrist testified that he evaluated Saville on January 4 and that as a result of this evaluation, he recommended that Saville be confined in a restrictive treatment setting.

That same day, the Board issued an order of final disposition finding that there was clear and convincing evidence that Saville was a mentally ill dangerous person and that neither voluntary hospitalization nor other treatment alternatives less restrictive of Saville's liberty than a Board-ordered treatment disposition would suffice to prevent the substantial result of harm to others. The Board further ordered that Saville be committed to the Lincoln Regional Center for inpatient treatment for an indeterminate time period. Saville then appealed this determination to the district court for Burt County, and after a de novo review, the district court affirmed the Board's order. Saville now appeals to this court.

## ASSIGNMENT OF ERROR

Saville's sole assigned error is that the district court erred in finding that there was clear and convincing evidence to support

the Board's finding that Saville was a mentally ill dangerous person.

## STANDARD OF REVIEW

■ In reviewing a final order made by the district court in mental health commitment proceedings, an appellate court must affirm the order of the district court unless, as a matter of law, the order is not supported by clear and convincing evidence. *In re Interest of Tweedy*, 241 Neb. 348, 488 N.W.2d 528 (1992); *In re Interest of McDonell*, 229 Neb. 496, 427 N.W.2d 779 (1988); *In re Interest of Kinnebrew*, 224 Neb. 885, 402 N.W.2d 264 (1987).

## ANALYSIS

Before we begin our analysis of the issue appealed, we note that Saville has appealed from the district court's order affirming the Board's order of final disposition dated February 3, 2000. Although Saville appeals from the district court's order affirming the dispositional order, Saville's assigned error and argument relates exclusively to the December 28, 1999, order adjudicating Saville to be a mentally ill dangerous person. Therefore, we must decide whether or not the December 28 order adjudicating Saville as a mentally ill dangerous person was a final, appealable order.

Although it has long been held in juvenile cases that an adjudication order is a final, appealable order, see *In re Interest of Aufenkamp*, 214 Neb. 297, 333 N.W.2d 681 (1983), the issue of whether an order adjudicating an individual as a mentally ill dangerous person is a final, appealable order has not been addressed by the appellate courts of our state.

■ There are three types of final orders which may be reviewed on appeal. Neb. Rev. Stat. § 25-1902 (Reissue 1995); *Jarrett v. Eichler*, 244 Neb. 310, 506 N.W.2d 682 (1993). The three types are (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding; and (3) an order affecting a substantial right made upon summary application in an action after judgment has been rendered. § 25-1902; *Jarrett v. Eichler, supra.*

■ Commitment proceedings are judicial in nature, and the district courts must review the decisions of the mental health boards de novo on the record. Neb. Rev. Stat. § 83-1043 (Reissue 1999); *Lux v. Mental Health Board of Polk County*, 202 Neb. 106, 274 N.W.2d 141 (1979).

The December 28, 1999, order entered by the Board was not an order which determined the action and prevented a judgment, nor was it an order affecting a substantial right made upon summary application in an action after judgment had been rendered. Consequently, we must determine whether the Board's order was an order affecting a substantial right made in a special proceeding.

■ A special proceeding entails civil statutory remedies not encompassed in chapter 25 of the Nebraska Revised Statutes. *In re Estate of Peters*, 259 Neb. 154, 609 N.W.2d 23 (2000); *State v. Silvers*, 255 Neb. 702, 587 N.W.2d 325 (1998); *SID No. 1 v. Nebraska Pub. Power Dist.*, 253 Neb. 917, 573 N.W.2d 460 (1998).

■ The order by the Board determining Saville to be a mentally ill dangerous person is not a statutory remedy encompassed within chapter 25 and, thus, involves an order made during a special proceeding. However, this does not end our inquiry. To be final and appealable, the order must affect a substantial right. "A substantial right is an essential legal right, not a mere technical right." *Jarrett v. Eichler*, 244 Neb. at 314, 506 N.W.2d at 685.

Although our research has not revealed any case law analyzing whether the substantial rights of an individual are affected by an order adjudicating him as a mentally ill dangerous person, the Nebraska Supreme Court has conducted an analysis of when the substantial rights of a party have been affected by an order finding a person not competent to stand trial. In *State v. Guatney*, 207 Neb. 501, 299 N.W.2d 538 (1980), the Nebraska Supreme Court determined that an order finding the appellant not competent to stand trial and directing him to be confined in the Lincoln Regional Center for an indeterminate amount of time was a final order in a special proceeding affecting a substantial right. In so holding, the Supreme Court stated:

We, therefore, find little reason or sense in suggesting that one may be deprived of his liberty under a court order finding him incompetent . . . and have no recourse from that order. The court, by virtue of its order, has . . . denied the appellant his liberty for an undetermined time. It is difficult, if not impossible, to see how that order, therefore, does not affect a substantial right or is not an order from which the appellant should be entitled to appeal pursuant to the provisions of § 25-1911.

207 Neb. at 507-08, 299 N.W.2d at 543.

In the instant case, the Board adjudicated Saville, for the first time on December 28, 1999, as a mentally ill dangerous person and ordered him to be retained in custody for an indeterminate amount of time pending the entry of an order of final disposition. Like *State v. Guatney, supra,* we now hold that an order adjudicating an individual to be a mentally ill dangerous person and ordering him retained for an indeterminate amount of time deprives a person of his liberty and that this denial clearly affects a substantial right. Because the order dated December 28, 1999, adjudicating Saville as a mentally ill dangerous person pursuant to § 83-1009 was an order affecting a substantial right in a special proceeding, the December 28 order was a final order from which an appeal may be taken pursuant to § 83-1043.

Saville's assigned error clearly relates to the sufficiency of the evidence to support the Board's order adjudicating Saville as a mentally ill dangerous person. As stated above, the adjudication order filed on December 28, 1999, was a final and appealable order which had to be appealed within 30 days. See Neb. Rev. Stat. § 25-1912 (Supp. 1999). Since no appeal was taken from the order adjudicating Saville to be a mentally ill dangerous person, he may not now question the sufficiency of the evidence upon which the Board relied in its adjudication order issued December 28. Compare, *In re Interest of C.D.C.,* 235 Neb. 496, 455 N.W.2d 801 (1990); *In re Interest of L.B., A.B., and A.T.,* 235 Neb. 134, 454 N.W.2d 285 (1990).

Furthermore, Saville makes no assignments of errors, nor does he make any arguments, regarding the Board's order of final disposition dated February 3, 1999. Errors must be assigned and argued in the party's brief to be considered by an

appellate court. See, *In re Interest of A.C.*, 239 Neb. 734, 478 N.W.2d 1 (1991) (errors assigned but not argued will not be considered by appellate court); *In re Interest of B.M.*, 239 Neb. 292, 475 N.W.2d 909 (1991) (errors which are argued on appeal but not assigned will not be considered by appellate court). However, we have conducted a review for plain error of the district court's order affirming the Board's order of final disposition. Finding no plain error by the district court, we affirm.

AFFIRMED.