IN RE INTEREST OF MICHAEL U., ALLEGED TO BE
A MENTALLY ILL DANGEROUS PERSON.
STATE OF NEBRASKA, APPELLEE, V.
MICHAEL U., APPELLANT.
728 N.W.2d 116

Filed March 9, 2007. . No. S-05-1525.

Bruce E. Stephens for appellant.

C. Jo Petersen, Deputy Hamilton County Attorney, for appellee.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

MCCORMACK, J.

## NATURE OF CASE

Michael U. was determined by the Mental Health Board of the Fifth Judicial District (the Board) to be a mentally ill and dangerous person under Neb. Rev. Stat. § 71-901 et seq. (Cum. Supp. 2004 & Supp. 2005) of the Nebraska Mental Health Commitment Act. The Board ordered Michael committed for involuntary inpatient treatment. The district court, sitting as an appellate court

under § 71-930, affirmed the Board's decision. Michael appealed, and the Nebraska Court of Appeals affirmed.[1] We granted Michael's petition for further review.

## BACKGROUND

Michael was convicted of first degree sexual assault based upon acts committed against an individual less than 16 years of age and, in June 1995, was sentenced to 80 to 240 months' imprisonment. Michael served 10 years of that sentence and was scheduled to be released from his imprisonment on May 3, 2005.

On April 28, 2005, the State filed a petition with the Board alleging that Michael was believed to be mentally ill and dangerous. The State further alleged that neither voluntary hospitalization nor other treatment alternatives less restrictive of Michael's liberty than the Board-ordered treatment would suffice. Attached to the petition was a letter dated March 17, 2005, from Dr. Mark E. Weilage, a clinical psychologist and mental health supervisor at the Omaha Correctional Center where Michael was imprisoned. In the letter, Weilage recommended that Michael be reviewed by the Board for postincarceration commitment. Weilage's reasoning as set out in his letter was that

> [b]ased on a review of his file, it appears [Michael] would fit the profile of a Pedophile and likely be deemed mentally ill and dangerous. Therefore it is recommended that he be reviewed by the . . . Board for post incarceration commitment at the time of his release. Inpatient sex offender treatment would be the ideal treatment intervention as he appears to be a continued risk for sexually assaultive behavior.

On May 10, 2005, a hearing was held before the Board. At the hearing, the sole person to testify in support of Michael's involuntary commitment was Dr. Angela Boykin, a psychologist at Mary Lanning Memorial Hospital, who testified regarding Michael's mental illness and dangerousness. Boykin testified that she met with Michael on four separate occasions and reviewed Weilage's March 17 letter, which was admitted into evidence without objection for the sole purpose of establishing foundation for Boykin's opinion.

---

[1] *In re Interest of Michael U.*, 14 Neb. App. 918, 720 N.W.2d 403 (2006).

At the hearing, Boykin was asked her opinion on Michael's mental status. Boykin testified that she had diagnosed Michael with an unspecified adjustment disorder, a history of prior diagnosis of pedophilia, and a history of alcohol and marijuana abuse. Boykin explained that she determined Michael is mentally ill based on her diagnosis of an unspecified adjustment disorder. She testified that Michael's adjustment disorder means that he has some issues and some stress related to his being released from prison after 10 years of incarceration and thereafter being brought before the Board. She further testified, however, that her belief that Michael needs to be further evaluated is not based upon Michael's adjustment disorder, but is instead based upon Michael's history of pedophilia and that prior diagnosis, which history and diagnosis she obtained from Weilage's letter.

When asked her opinion on whether Michael is a dangerous individual, Boykin testified that based upon Michael's history, in particular, his history of pedophilia and diagnosis of that disorder, "there is concern about the potential dangerousness, and he needs to be further evaluated by someone with expertise in sex offender issues." She testified, however, that she is not qualified to evaluate sex offender issues and could not state that there is a substantial likelihood that Michael will engage in dangerous behavior unless restraints are applied. She also testified that at that point, she was not prepared to state to a reasonable degree of medical or psychological certainty that there is a substantial likelihood that Michael will engage in dangerous behavior absent restraints.

On May 13, 2005, the Board issued an order and, on May 18, issued an amended order adjudicating Michael. The Board found clear and convincing evidence that Michael was a mentally ill and dangerous person pursuant to § 71-908(1). Pursuant to § 71-925(7), the Board ordered that Michael be transported to either the Lincoln Regional Center or the Norfolk Regional Center to undergo an inpatient psychiatric and psychological evaluation, which was to include an evaluation of his sex offender treatment needs. The Board directed that Michael's evaluation was to occur before another hearing was scheduled before the Board to determine the entry of a treatment order.

On June 3, 2005, Michael filed an appeal from the May 13 order of adjudication. The transcript contains "Judges Minutes" filed June 30 in the district court for York County which stated: "This record on appeal contains no final order. Appeal dismissed & case remanded to the . . . Board for further proceedings. Motion to continue appeal hearing mooted by dismissal." Michael did not further appeal the dismissal of that appeal.

On August 11, 2005, a hearing was held before the Board on Michael's disposition. Dr. Daniel Sturgis, a psychologist at the Norfolk Regional Center, evaluated Michael for the sole purpose of determining the appropriate and least restrictive placement for Michael. Sturgis testified that Michael should be placed at the Lincoln Regional Center for its inpatient sex offender treatment program.

That same day, the Board issued an order of final disposition committing Michael to the Department of Health and Human Services for inpatient treatment. Michael appealed this dispositional decision on August 29, 2005. On December 7, the district court entered its judgment on appeal, affirming the Board's adjudication and treatment order. The court found that upon its de novo review of the record, there was clear and convincing evidence that Michael was mentally ill and dangerous and that neither voluntary hospitalization nor other treatment alternatives less restrictive of Michael's liberty were available or would suffice to prevent the harm described in § 71-908.

Michael appealed this decision to the Court of Appeals, assigning, among other errors, the determination that evidence was sufficient to find that he was mentally ill and dangerous or that voluntary hospitalization or alternatives less restrictive than inpatient would not suffice to prevent the harm described in § 71-908.

The Court of Appeals affirmed the decision of the district court. Relevant to the appeal presently before us, the Court of Appeals found that the order of adjudication entered in May 2005 was a final order from which an appeal may be taken and that Michael's appeal from that order had been dismissed for lack of a final order. The Court of Appeals further found that the first time the district court, which was sitting as an appellate court, considered issues relating to the adjudication hearing was in

Michael's appeal from the order of disposition. Referencing the law-of-the-case doctrine, the Court of Appeals determined that Michael was not precluded from having that court consider those assignments of error arising out of the adjudication hearing, because the first time they were considered by an appellate court was in the appeal from the order of disposition. As to whether there was sufficient evidence to find that Michael was mentally ill and dangerous, the Court of Appeals stated that considering Michael's sexual history and the fact that he has not completed any offense-specific treatment while incarcerated, it could not state "as a matter of law that the acts committed over 10 years ago were too remote to be probative of Michael's present state of dangerousness."[2] We granted Michael's petition for further review of the Court of Appeals' decision.

## ASSIGNMENTS OF ERROR

Michael claims, restated, that the Court of Appeals erred in (1) finding there was sufficient evidence that he is mentally ill and dangerous and (2) finding there were not errors of law to which he objected that were improperly overruled and, therefore, improperly admitted into evidence.

## STANDARD OF REVIEW

■ The district court reviews the determination of a mental health board de novo on the record. In reviewing a district court's judgment, appellate courts will affirm the district court's judgment unless the appellate court finds, as a matter of law, that the judgment is not supported by clear and convincing evidence.[3]

## ANALYSIS

Before addressing the first assignment of error asserted by Michael, we must first determine whether this court has jurisdiction.[4] The State argues that the order of adjudication finding Michael to be mentally ill and dangerous was a final order.

---

[2] *In re Interest of Michael U., supra* note 1, 14 Neb. App. at 932-33, 720 N.W.2d at 414.

[3] See *In re Interest of Kochner*, 266 Neb. 114, 662 N.W.2d 195 (2003).

[4] See *Hallie Mgmt. Co. v. Perry*, 272 Neb. 81, 718 N.W.2d 531 (2006).

Because Michael failed to appeal from the district court's determination that the order of adjudication was not a final order, the State argues that this court does not have jurisdiction to address those issues relating to that order.

For an appellate court to acquire jurisdiction of an appeal, there must be a final order entered by the court from which the appeal is taken.[5] A final order is defined as "[a]n order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment . . . ."[6] There are three types of final orders which may be reviewed on appeal under the provisions of § 25-1902: (1) an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment; (2) an order affecting a substantial right made in a special proceeding; and (3) an order affecting a substantial right made upon summary application in an action after judgment has been rendered.[7]

We have not previously considered whether an order adjudicating an individual to be mentally ill and dangerous within the meaning of § 71-908 is a final, appealable order. The Court of Appeals, however, confronted this issue in *In re Interest of Saville*.[8]

In *In re Interest of Saville*, the appellant was adjudged to be mentally ill and dangerous by the Board and ordered to be retained in the custody of the Board until such time as the Board determined the best available treatment alternative. Just over a month after the order of adjudication was entered, the Board entered an order of disposition finding that neither voluntary hospitalization nor other treatment alternatives less restrictive of the appellant's liberty than a Board-ordered treatment disposition would suffice. The Board ordered that the appellant be

---

[5] *Id.*

[6] Neb. Rev. Stat. § 25-1902 (Reissue 1995).

[7] See *In re Guardianship of Sophia M.*, 271 Neb. 133, 710 N.W.2d 312 (2006).

[8] *In re Interest of Saville*, 10 Neb. App. 194, 626 N.W.2d 644 (2001).

committed to the Lincoln Regional Center for inpatient treatment for an indeterminate period of time. The appellant did not appeal the order of adjudication, but did appeal the order of final disposition, claiming there was insufficient evidence to support the Board's finding that he was a mentally ill and dangerous person.

The Court of Appeals determined that the order adjudicating the appellant to be a mentally ill and dangerous person in that case was a final order. Since no appeal was taken from that order, the appellant could not question the evidence relied upon by the Board in its adjudication order. The Court of Appeals found that the order of adjudication was a special proceeding and that it affected a substantial right of the appellant. The court noted that in *State v. Guatney*,[9] this court determined that an order finding an appellant not competent to stand trial and directing the appellant to be confined to the Lincoln Regional Center for an indeterminate amount of time was a final order in a special proceeding affecting a substantial right. In *State v. Guatney*, we stated:

> We, therefore, find little reason or sense in suggesting that one may be deprived of his liberty under a court order finding him incompetent . . . and have no recourse from that order. . . . The court, by virtue of its order, has . . . denied the appellant his liberty for an undetermined time. It is difficult, if not impossible, to see how that order, therefore, does not affect a substantial right or is not an order from which the appellant should be entitled to appeal . . . .[10]

The Court of Appeals reasoned that the appellant had similarly been ordered to be retained in custody for an indeterminate amount of time pending the entry of an order of final disposition. The Court found that as in *State v. Guatney*, the order deprived the appellant of his liberty and accordingly affected a substantial right. Because the appellant in *In re Interest of Saville* did not appeal the order of adjudication, the Court of Appeals held that he could not then challenge the sufficiency of the evidence relied upon by the Board in its adjudication order.

We agree with the Court of Appeals' reasoning in *In re Interest of Saville* that the order of adjudication in that case was a final

---

[9] *State v. Guatney*, 207 Neb. 501, 299 N.W.2d 538 (1980).

[10] *Id.* at 507-08, 299 N.W.2d at 543.

order. With that in mind, we turn to the circumstances of the present case.

In an amended order dated May 18, 2005, the Board adjudged Michael to be a mentally ill and dangerous person. A review of the Board's amended order of adjudication reveals that like the appellant in *In re Interest of Saville*, Michael was ordered to be retained in custody for an indeterminate amount of time pending an inpatient psychiatric and psychological evaluation and the entry of an order of disposition by the Board. Like the order of adjudication in *In re Interest of Saville*, the amended order of adjudication in this case ordering that Michael be retained for an indeterminate amount of time deprived Michael of his liberty and this denial affects a substantial right. As such, the amended order of adjudication in this case was a final order from which an appeal may be taken pursuant to § 71-930. Thus, if Michael wished to question the sufficiency of the Board's findings in issuing that order, he needed to appeal that order, which he did. However, that appeal was dismissed by the district court for lack of a final order. Michael did not further appeal the dismissal of his appeal.

In *In re Interest of D.M.B.*,[11] we stated that the general rule that a court does not ordinarily review the validity of a juvenile adjudication order in a juvenile case does not apply where the facts pleaded and developed at the adjudication hearing are not sufficient for the juvenile court to acquire jurisdiction over the juvenile. In *In re Interest of D.M.B.*, the court's jurisdiction over the minor depended on establishing a lack of parental care by reason of the fault or habits of the mother. We found, however, that there was no allegation or proof that the mother's fault or habits in any way injured or put the minor at risk of harm.[12]

The situation in the present case is substantially different. *In re Interest of D.M.B.* was based in part on the failure of the petition on its face to allege anything that would give the juvenile court jurisdiction. Here, the petition contains the allegation that Michael is a mentally ill and dangerous person and, therefore, within the jurisdiction of the Board.

---

[11] *In re Interest of D.M.B.*, 240 Neb. 349, 481 N.W.2d 905 (1992).

[12] See, also, *In re Interest of Constance G.*, 247 Neb. 629, 529 N.W.2d 534 (1995).

■ Because the order of adjudication was a final order, the district court had jurisdiction over the matter in Michael's appeal of the adjudication order. But Michael did not appeal the district court's finding that the order of adjudication was not a final order and the dismissal of his appeal of that order. Accordingly, we conclude that the Court of Appeals did not have jurisdiction to address those issues on appeal relating to the order of adjudication and neither does this court. When a lower court lacks the authority to exercise its subject matter jurisdiction to adjudicate the merits of a claim, issue, or question, an appellate court also lacks the power to determine the merits of the claim, issue, or question presented to the lower court.[13] Since we have determined that neither the Court of Appeals nor this court has jurisdiction, we do not address Michael's first assignment of error as to the sufficiency of the evidence that he was mentally ill and dangerous.

In his second and final assignment of error, Michael asserts that the Court of Appeals erred in finding there were not errors of law to which he objected that were improperly overruled. Although Michael assigns this error, he failed to argue it in his brief on appeal, and therefore, we do not address this assignment of error on appeal.[14]

## CONCLUSION

For the reasons discussed above, we reverse that portion of the Court of Appeals' opinion addressing that court's jurisdiction to consider those assignments of error relating to the adjudication order. Because the Court of Appeals did not have jurisdiction to address Michael's claims relating to the adjudication order, we vacate that portion of the judgment of the Court of Appeals addressing those claims. Because Michael has not assigned and argued any errors on petition for further review relating to the order of disposition, we affirm without discussion the remainder of the Court of Appeals' decision.

AFFIRMED IN PART, AND IN PART
REVERSED AND VACATED.

---

[13] *Kaplan v. McClurg*, 271 Neb. 101, 710 N.W.2d 96 (2006).

[14] See *Epp v. Lauby*, 271 Neb. 640, 715 N.W.2d 501 (2006) (errors that are assigned but not argued will not be addressed by appellate court).