IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

IN RE INTEREST OF H.R.

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

IN RE INTEREST OF H.R., ALLEGED TO BE
A DANGEROUS SEX OFFENDER.

H.R., APPELLANT,

V.

MENTAL HEALTH BOARD OF THE 11TH JUDICIAL
DISTRICT OF NEBRASKA, APPELLEE.

Filed February 13, 2018.    No. A-17-421.

Appeal from the District Court for Lincoln County: DONALD E. ROWLANDS, Judge. Affirmed.

Patrick M. Heng, of Waite, McWha & Heng, for appellant.

Tanya Roberts-Connick, Deputy Lincoln County Attorney, for appellee.

RIEDMANN and BISHOP, Judges, and INBODY, Judge, Retired.

RIEDMANN, Judge.

## INTRODUCTION

H.R. appeals from an order of the district court for Lincoln County, affirming the decision of the Mental Health Board of the 11th Judicial District (Board). We affirm.

## BACKGROUND

In 2006, the Board determined that H.R. was a dangerous sex offender under the Sex Offender Commitment Act (SOCA), Neb. Rev. Stat. § 71-1201 et seq. (Reissue 2009), and committed him to inpatient treatment. No appeal was taken at that time.

- 1 -

In 2016, H.R. filed a motion for review of his commitment, and a hearing before the Board was held on September 29, 2016. At the hearing, however, H.R. clarified that he was not challenging his continued commitment, but, rather, he was making a jurisdictional argument that he never fit the statutory definition of a dangerous sex offender, and thus, the Board lacked jurisdiction in 2006 when it committed him to inpatient treatment. He argued that "from the get-go he should have never been committed." Despite H.R.'s narrowly tailored argument, updated treatment plans from 2016 were received into evidence, and the Board took judicial notice of H.R.'s mental health file. Thereafter, the Board determined that H.R. was still a mentally ill and dangerous sex offender and the least restrictive treatment alternative continued to be inpatient treatment.

H.R. appealed the Board's decision to the district court for Lincoln County. He again argued that "from the get-go," the Board lacked jurisdiction over him because he did not meet the statutory definition of a dangerous sex offender. The State disagreed, arguing that H.R.'s argument constituted an attack on the merits of his commitment, which was untimely. The district court did not address the jurisdictional aspect of H.R.'s argument, but simply found that the evidence was sufficient to sustain the 2006 commitment and the Board's 2016 order from which the appeal was taken. H.R. now appeals to this court.

## ASSIGNMENTS OF ERROR

H.R. assigns that the district court erred in (1) failing to find that his original commitment in 2006 was erroneous and that jurisdiction under SOCA was never met resulting in the Board lacking authority to find him a dangerous sex offender under SOCA and failing to find that the matter be dismissed and H.R. be released and (2) failing to find that his original commitment in 2006 was erroneous and without jurisdiction and relied upon subsequent hearings and actions to find him a dangerous sex offender.

## STANDARD OF REVIEW

A jurisdictional issue that does not involve a factual dispute presents a question of law, which we independently decide. *In re Interest of D.I.*, 281 Neb. 917, 799 N.W.2d 664 (2011).

The district court reviews the determination of a mental health board de novo on the record. *In re Interest of S.J.*, 283 Neb. 507, 810 N.W.2d 720 (2012). In reviewing a district court's judgment, an appellate court will affirm unless it finds, as a matter of law, that clear and convincing evidence does not support the judgment. *Id.*

## ANALYSIS

The instant proceedings commenced upon H.R.'s request for a review hearing under Neb. Rev. Stat. § 71-1219 (Reissue 2009), which permitted him to seek from the Board an order of discharge from commitment or a change in treatment ordered by the Board. However, both of the errors H.R. raises on appeal deal with only the Board's 2006 decision originally finding him to be a dangerous sex offender in need of inpatient treatment. He assigns no error with respect to the district court's affirmance of the Board's conclusion that he is still a dangerous sex offender and that inpatient treatment continues to be the least restrictive treatment alternative.

It is H.R.'s position that for the Board to have had jurisdiction to issue its 2006 order, there must have been sufficient evidence to satisfy the statutory definition of a dangerous sex offender as set forth in Neb. Rev. Stat. § 83-174.01 (Reissue 2009). Subject matter jurisdiction, however, is the power to hear and determine cases of the general class to which the proceedings in question belong; the power to deal with the general subject involved in the action, and not simply jurisdiction of the particular case then occupying the attention of the court but jurisdiction of the class of cases to which the particular case belongs. *In re Interest of Adams*, 230 Neb. 109, 430 N.W.2d 295 (1988).

In *In re Interest of Adams*, *supra*, the Nebraska Supreme Court addressed the difference between subject matter jurisdiction and venue in the context of an action in which the county mental health board ordered Adams to be committed as a mentally ill dangerous person. Adams appealed, arguing that the mental health board lacked jurisdiction over him and the subject matter because he was residing in a different county at the time of the hearing. The Supreme Court reiterated the definition of subject matter jurisdiction stated above and found that the board of mental health, by virtue of the Mental Health Commitment Act (MHCA), was empowered to hear a mental health petition for commitment of a mentally ill dangerous person to an appropriate mental health facility. The court therefore concluded that the mental health board had subject matter jurisdiction over the matter involving Adams.

In *In re Interest of Michael U*., 273 Neb. 198, 728 N.W.2d 116 (2007), the Nebraska Supreme Court distinguished a challenge based upon a lack of jurisdiction to hear a contested case and a challenge based upon the sufficiency of the evidence. It explained that whether a mental health board has jurisdiction to hear a case is dependent, in part, upon the allegations contained in the petition. *Id*. Because the petition in *In re Interest of Michael U., supra,* alleged that the individual was a mentally ill and dangerous person, the board had jurisdiction to hear the matter pursuant to the Nebraska MHCA. But whether the evidence was sufficient to support the board's determination was a challenge to the sufficiency of the evidence, not to the board's jurisdiction. The court explained that it would review an untimely appeal of an adjudication only where there is no allegation or proof of the facts necessary to confer jurisdiction upon the tribunal making the adjudication. It specifically stated that in the case before it, "the petition contains the allegation that [the individual] is a mentally ill and dangerous person, and, therefore, within the jurisdiction of the [b]oard." *Id*. at 206, 728 N.W.2d at 123. It refused, however, to consider the sufficiency of the evidence upon which the board based its determination that the individual was, in fact, a mentally ill and dangerous person because that determination was not timely appealed.

Likewise in the present case, under SOCA, the Board has the general authority to hear a petition for the commitment of a dangerous sex offender. If the county attorney believes that a person is a dangerous sex offender requiring inpatient or outpatient treatment ordered by a mental health board, the county attorney is to file a petition with the clerk of the district court in the judicial district where the subject is located, in which the alleged behavior of the subject occurred which constitutes the basis for the petition, or another judicial district upon good cause shown. See Neb. Rev. Stat. § 71-1205 (Reissue 2009). Mental health board proceedings are deemed to have commenced upon the filing of the petition under § 71-1205. Neb. Rev. Stat. § 71-1206 (Reissue 2009). Thus, as in *In re Interest of Michael U.*, *supra*, where the petition alleges that the individual

is a dangerous sex offender, the Board is authorized to hear the petition for his commitment. Accordingly, because the Board had the power to hear and determine cases of the general class to which the proceedings in question belong, and the petition alleged that H.R. was a dangerous sex offender, the Board had subject matter jurisdiction over the petition involving H.R. filed in 2006.

If we were to accept H.R.'s argument, the Board would be authorized to hear only those petitions which have merit. This argument defies logic and is inconsistent with a plain reading of §§ 71-1205 and 71-1206. We therefore conclude that the question of whether the evidence presented at the 2006 hearing was sufficient to satisfy the statutory definition of dangerous sex offender is not a jurisdictional issue, but rather, addresses the sufficiency of the evidence to support the commitment.

Finding that H.R.'s argument is not jurisdictional, we must now determine whether his arguments challenging the merits of his 2006 commitment are timely. We conclude they are not.

In *In re Interest of Saville*, 10 Neb. App. 194, 626 N.W.2d 644 (2001), the county attorney filed a petition before the county mental health board alleging that Saville was a mentally ill dangerous person within the statutory definition under the MHCA. A hearing was held before the mental health board, and the mental health board issued an order on December 28, 1999, adjudicating Saville as a mentally ill dangerous person. The mental health board additionally ordered that Saville be retained in custody until an appropriate treatment plan could be determined. Saville did not appeal that order.

After holding a further hearing, the mental health board issued an order on February 3, 2000 ordering that Saville be committed to inpatient treatment. Saville appealed the order to the district court, which affirmed the mental health board's decision. Saville appealed the district court's decision to this court, assigning only that the district court erred in finding that there was clear and convincing evidence to support the mental health board's finding that he was a mentally ill dangerous person. In other words, the only error he raised was an issue that had been determined in the December 28, 1999, order.

This court concluded that the order filed on December 28, 1999 was a final and appealable order which had to be appealed within 30 days. See Neb. Rev. Stat. § 25-1912 (Reissue 2016). Because no appeal was taken from the order adjudicating Saville to be a mentally ill dangerous person, we determined that he was precluded from questioning the sufficiency of the evidence upon which the mental health board had relied in its previous order. See, also, *In re Interest of Michael U.*, 273 Neb. 198, 728 N.W.2d 116 (2007).

Similarly, in the present appeal, H.R.'s assigned errors address only the sufficiency of the evidence upon which the Board relied to commit him in 2006. In order for us to review this issue, however, H.R. was required to appeal within 30 days of the entry of that order. Consequently, his arguments with respect to the 2006 order are untimely.

We note that H.R. has neither assigned nor argued that the district court erred in affirming the Board's finding that H.R. remains a dangerous sex offender and that inpatient treatment continues to be the least restrictive treatment alternative. As we did in *In re Interest of Saville, supra*, we have conducted a review for plain error of the district court's order. Finding none, we affirm.

CONCLUSION

We conclude that the Board had subject matter jurisdiction over the petition involving H.R. filed in 2006 and that H.R.'s present arguments challenge the sufficiency of the evidence to support his commitment in 2006. Because a challenge to the 2006 order is untimely, we affirm the Board's 2016 order continuing his commitment.

AFFIRMED.