IN RE INTEREST OF M.B. AND J.B., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. T.B., APPELLANT.
445 N.W.2d 618

Filed September 15, 1989.    No. 88-923.

Virginia G. Johnson for appellant.

James Elworth, Deputy Lancaster County Attorney, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

T.B. appeals the order terminating her rights as the mother of M.B., a daughter born February 12, 1986, and J.B., a son born July 23, 1983. She assigns as "plain error" that the separate juvenile court allowed the proceedings "to continue based on testimony from a caseworker with a recognized and significant conflict of interest." We affirm.

The mother, who at the time of the adjudication hearings was herself a juvenile within the jurisdiction of the court below, did not appeal the determinations that her children were in such circumstances as to come within the purview of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988), which gives the juvenile court jurisdiction over any juvenile

> who is homeless or destitute, or without proper support through no fault of his or her parent, guardian, or custodian; who is abandoned by his or her parent,

guardian, or custodian; who lacks proper parental care by reason of the fault or habits of his or her parent, guardian, or custodian; whose parent, guardian, or custodian neglects or refuses to provide proper or necessary subsistence, education, or other care necessary for the health, morals, or well-being of such juvenile; whose parent, guardian, or custodian neglects or refuses to provide special care made necessary by the mental condition of the juvenile; or who is in a situation or engages in an occupation dangerous to life or limb or injurious to the health or morals of such juvenile . . . .

It would thus be inappropriate to concern ourselves with the facts under which the juvenile court asserted jurisdiction over the children. See *In re Interest of C.D.A.*, 231 Neb. 267, 435 N.W.2d 681 (1989).

Moreover, in view of the nature of the claimed error, it would not serve any useful purpose to detail the evidence which on de novo review clearly and convincingly establishes grounds for terminating the mother's parental rights in and to her two children. See, *In re Interest of J.H. et al., ante* p. 338, 445 N.W.2d 599 (1989); *In re Interest of S.C., S.J., and B.C.,* 232 Neb. 80, 439 N.W.2d 500 (1989). We need only note that while the record demonstrates that the mother has such an emotional attachment to her children that she may be said to love them and that when with the children she interacts well with them, the record also demonstrates that this now 21-year-old mother is still too immature, undisciplined, and unwilling, or perhaps unable, to make the day-to-day sacrifices which the raising of *children demands. Although she made sporadic efforts to* comply with the court-ordered plan for helping her to become an adequate parent and to be reunited with her children, she made no substantial long-term progress and has not acquired the commitment and skills required, and thus remains one who neglects to give her children necessary parental care and protection. Neb. Rev. Stat. § 43-292 (Reissue 1988) provides that parental rights may be terminated when such action is in the best interests of the juvenile and it appears by the evidence that, among other things, the parent has "substantially and continuously or repeatedly neglected the juvenile and refused to

give the juvenile necessary parental care and protection," or, as to a child found to be one described in § 43-247(3)(a), "reasonable efforts, under the direction of the court, have failed to correct the conditions leading to the determination."

The gravamen of the mother's complaint is that much of the evidence came from a Department of Social Services caseworker who was assigned both to her and to her children's cases. Although she made no objection to the caseworker's testimony on this basis, the mother now argues that the caseworker had such a conflict of interest that the termination of her rights in and to her children cannot stand.

In apparent recognition of the rule that one who makes no objection to the admission of evidence at trial may not complain on appeal of its admission, *In re Interest of J.H. et al., supra, Cassio v. Creighton University, ante* p. 160, 446 N.W.2d 704 (1989), and *State v. Welsh,* 232 Neb. 219, 440 N.W.2d 225 (1989), the mother characterizes her assignment of error as "plain error." Such has been said to exist when there is plainly evident from the record error not complained of at trial which prejudicially affects a litigant's substantial right and is of such a nature that to leave it uncorrected would cause a miscarriage of justice or result in damage to the integrity, reputation, and fairness of the judicial process. Plain error may be asserted for the first time on appeal or be noted by the appellate court on its own motion. *GFH Financial Serv. Corp. v. Kirk,* 231 Neb. 557, 437 N.W.2d 453 (1989).

One of the major difficulties with the mother's argument is that she cites no legal authority in support of her argument that the caseworker in question should not have been permitted to testify. Neb. Evid. R. 601, Neb. Rev. Stat. § 27-601 (Reissue 1985), provides that every person "is competent to be a witness except as otherwise provided in these rules." We are cited to no legal authority which provides a basis for a caseworker-client privilege or duty of confidentiality or loyalty such as that suggested by the mother. Indeed, it seems to us that because the juvenile court's efforts are directed toward reuniting parents with their children, there is merit in having the testimony of a caseworker who has worked with all parties to the familial relationship. It must be remembered that a caseworker is not an

advocate for one party or another. A caseworker's function is to testify truthfully as to her or his observations and to express such competent opinions as may be sought. It is for the judge to evaluate the testimony and adjudicate the case in accordance with all the evidence.

There being no merit to the mother's position, the judgment of the court below is affirmed.

AFFIRMED.