IN RE INTEREST OF L.B., A.B., AND A.T., CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. T.B., APPELLANT.
454 N.W.2d 285

Filed April 20, 1990.   No. 89-678.

Michael J. Lehan, of Kelley, Kelley & Lehan, P.C., for appellant.

Ronald L. Staskiewicz, Douglas County Attorney, and Elizabeth G. Crnkovich for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

This is an appeal from an order of the separate juvenile court of Douglas County terminating the parental rights of appellant, T.B., to three of her minor children. Appellant contends the trial court erred in determining that she willfully failed to substantially comply with the court-ordered rehabilitation plans; in that the court ordered a "continually changing . . . rehabilitation plan which was not reasonable . . . to the rehabilitative objective of reuniting [her] with her children"; in determining that termination was in the best interests of the children; and in not granting her motion for a new trial. We affirm.

On July 28, 1986, a petition was filed alleging that L.B., born September 29, 1983; A.B., born September 17, 1984; and A.T., born February 27, 1986, were children

> within the meaning of [Neb. Rev. Stat. § 43-247(3)(a) (Reissue 1988),] lacking proper parental care by reason of the faults or habits of [appellant] in that:
>
> A. Said children were placed in protective custody by Omaha Police on or about July 14, 1986, after having been found to be insufficiently supervised.
>
> . . . .
>
> C. On or about July 14, 1986, [L.B.] and [A.B.] were found to be in a filthy physical condition, with filthy clothing and suffering from head lice and numerous insect bites.
>
> . . . .
>
> E. There have been Child Protective Service referrals in the past one and one-half years regarding [T.B.], related to

filthy home conditions and improper care of said children. The petition also alleged that R.B. was the father of L.B. and A.B., but no relief against R.B. was requested. The father of A.T. was not named. Neither R.B. nor the father of A.T. is a party in the case before us.

At an adjudication hearing held on August 27, 1986, the jurisdictional facts were specifically admitted by appellant, accompanied by her attorney, in a hearing, after appellant was fully advised of her rights. Based on appellant's admissions, the court found that the children were juveniles within the meaning of § 43-247(3)(a) and ordered the children placed in the temporary care and custody of the Nebraska Department of Social Services. No appeal was taken from this order of adjudication. As stated in *In re Interest of M.B. and J.B.*, 233 Neb. 368, 369, 445 N.W.2d 618, 619 (1989): "It would thus be inappropriate to concern ourselves with the facts under which the juvenile court asserted jurisdiction over the children."

For the purposes of this case it is established that the children involved are children within the meaning of § 43-247(3)(a) in that they were placed in protective custody on July 14, 1986; that appellant's children had been found to be insufficiently supervised; that on July 14, 1986, L.B. and A.B. were in "a filthy physical condition, with filthy clothing and suffering from head lice and numerous insect bites"; and that during the year and one-half preceding the filing of the petition there had been Child Protective Services referrals "related to filthy home conditions and improper care of said children."

A disposition hearing was held September 24, 1986. The court ordered the mother to comply with a plan of rehabilitation. The plan included the requirements, among others, that the mother was to complete chemical dependency and psychological evaluations and follow the recommendations thereof, and that she participate in parenting education classes.

Seven review hearings were thereafter held, beginning with the first hearing on December 22, 1986, and ending with a review hearing on September 1, 1988. Each review hearing was followed by a rehabilitative order directed to appellant. The orders generally continued the requirements set out above.

Other specific conditions of each order sometimes changed. As an example, at a December 22, 1986, hearing appellant was pregnant with her fourth child. An appropriate order was made on December 22. The father of this fourth child was never identified, but appellant did state at a March 27, 1987, hearing that the fourth child was due "[a]ny day" and that she was no longer in a relationship with the father.

At the October 1, 1987, review hearing, appellant was additionally ordered to obtain independent housing, since her then living situation with her then boyfriend in his one-bedroom apartment prevented the FITS program from continuing inhome services to appellant.

A probation officer's report submitted at the review hearing held May 4, 1988, showed that appellant, her new baby, and her boyfriend moved in with T.B.'s mother a few weeks before the hearing. A chemical evaluation submitted to the court recommended counseling for a codependency problem, and a psychological evaluation suggested that appellant would benefit from obtaining a GED and by becoming involved in academic and career counseling. The court modified the plans accordingly.

On February 8, 1989, the county attorney, pursuant to Neb. Rev. Stat. § 43-292(6) (Reissue 1988), filed a motion to terminate T.B.'s parental rights to L.B., A.B., and A.T. as a result of appellant's failure to comply with the court-ordered plans of rehabilitation. This motion listed 17 witnesses to be called by the State in support of its motion.

On April 10, 1989, appellant appeared with her counsel for hearing on the State's motion. Appellant waived trial and voluntarily admitted, in open court, the allegations contained in paragraphs I through IV of the termination motion. A portion of the hearing included the following:

> THE COURT: And you're further admitting that the three children are within the meaning of Section 43-292 Subsection 6; that reasonable efforts under the direction of the Court have failed to correct the conditions leading to the aforementioned determination that the children are within the meaning of the Juvenile Code?
>
> [Appellant]: Yes, I do.

THE COURT: In that you didn't follow the recommendations with regard to the chemical dependency evaluation and co-dependency treatment; that you failed to participate in and complete the parenting training program?

[Appellant]: Yes.

THE COURT: And that you failed to cooperate with the Family Intervention Treatment Services. . . .

[Appellant]: Yes.

. . . .

THE COURT: Okay. You failed to obtain independent housing?

[Appellant]: Yes.

THE COURT: And that lastly, you failed to obtain employment, GED or participate in any vocational training?

[Appellant]: Yes.

Before accepting the pleas, the court explained to appellant her procedural rights under Neb. Rev. Stat. § 43-279.01 (Reissue 1988), and determined that appellant understood the consequences of her pleas. Appellant acknowledged that her pleas were voluntary, that she understood she was waiving her right to a trial, and that she understood her admissions could result in the court's terminating her parental rights. The State then requested a dismissal of paragraph V of the motion, which paragraph sought termination under § 43-292(4) for appellant's alleged sexual abuse of the children.

The court accepted appellant's pleas and, at the State's request, dismissed the allegations contained in paragraph V of the motion. On April 24, 1989, the juvenile court entered its order finding that the best interests of the children required the termination of appellant's parental rights to L.B., A.B., and A.T., and terminated those rights in accordance with § 43-292(6).

In an appeal from an order terminating parental rights, the Supreme Court tries factual questions de novo on the record, which requires the Supreme Court to reach a conclusion independent of the findings of the trial court, but where evidence is in conflict, this court considers and may give weight

to the fact that the trial court observed the witnesses and accepted one version of the facts over another. *In re Interest of C.N.S. and A.I.S.*, 234 Neb. 406, 451 N.W.2d 275 (1990); *In re Interest of N.L.B.*, 234 Neb. 280, 450 N.W.2d 676 (1990).

A judgment terminating parental rights pursuant to Neb. Rev. Stat. § 43-292(6) (Reissue 1988) will be affirmed where the State has proved by clear and convincing evidence that (1) the parent has willfully failed to comply, in whole or in part, with a material provision of the rehabilitative plan, and (2) termination of parental rights is in the best interests of the children.

*In re Interest of C.N.S. and A.I.S., supra* at 407-08, 451 N.W.2d at 277.

Appellant contends that while there is no question that the record contains evidence of appellant's admissions, the overall picture nevertheless shows that appellant has substantially complied with the provisions of the court-ordered plans. We cannot disregard the fact that appellant waived her right to present evidence in the juvenile court proceedings, and the State waived its right to present evidence on serious sexual molestation charges. Nor can we ignore the fact that appellant has admitted to the juvenile court, on more than one occasion, the very allegations which she now contests.

With full knowledge of her rights and of the possible consequences, appellant waived trial on the motion to terminate her parental rights and, in so doing, waived an opportunity to present evidence challenging the allegations of the motion to terminate her parental rights. In an apparent excess of caution, the court permitted appellant to testify as to factors which appellant contends "mitigate" her admissions. The record documents appellant's repeated noncompliance with the court orders. We find that appellant has willfully failed to comply with the provisions of her court-ordered rehabilitation plans.

Appellant blames any lack of compliance on her part on plans of rehabilitation which were unreasonable, inconsistent, and continually changed by the juvenile court. These contentions are without merit. The record shows that plans were modified but without major changes overall. The material

elements of the rehabilitation plans were consistently ordered throughout the course of the juvenile court proceedings and allowed more than adequate time for compliance. The plans were reasonable in helping appellant to the objective of reuniting her with her children. Appellant did not comply with these provisions.

Appellant has judicially admitted the facts that L.B., A.B., and A.T. are children as described in § 43-247(3)(a) and has admitted that reasonable rehabilitation efforts have failed to correct these conditions. "A judicial admission is a formal act done in the course of judicial proceedings which is a substitute for evidence, thereby waiving or dispensing with the production of evidence by conceding for the purpose of litigation that the proposition of fact alleged by the opponent is true." *Sempek v. Sempek*, 198 Neb. 300, 304, 252 N.W.2d 284, 288 (1977).

We find that reasonable efforts, under the direction of the juvenile court, have failed to correct the conditions that resulted in the determination as to the status of the children; that pursuant to § 43-292(6), the parental rights of T.B. to the children named herein are terminated; and that such action is in the best interests of the children.

There is no merit in appellant's contention that the juvenile court erred in not granting a new trial. In view of appellant's counseled and knowing judicial admissions of the very facts required to be proved by the State, the appeal borders on the frivolous.

The judgment of the juvenile court is affirmed.

AFFIRMED.