Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/11/2018 08:10 AM CST

In re Interest of Brooklyn T. and Charlotte T.,
children under 18 years of age.
State of Nebraska, appellee, v.
Amanda T., appellant.

___ N.W.2d ___

Filed December 11, 2018.    No. A-18-518.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Parental Rights: Proof.** Under Neb. Rev. Stat. § 43-292 (Reissue 2016), in order to terminate parental rights, the State must prove, by clear and convincing evidence, that one or more of the statutory grounds listed in this section have been satisfied and that termination is in the child's best interests.
3. ____: ____. When a parent admits to the State's allegations regarding the statutory ground for termination of parental rights and that termination is in the children's best interests, the State does not have to prove those allegations by clear and convincing evidence.
4. **Parental Rights.** Children cannot, and should not, be suspended in foster care or be made to await uncertain parental maturity.
5. ____. Where a parent is unable or unwilling to rehabilitate himself or herself within a reasonable time, the best interests of the child require termination of the parental rights.

Appeal from the Separate Juvenile Court of Douglas County: Christopher E. Kelly, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and Katie L. Jadlowski for appellant.

Donald W. Kleine, Douglas County Attorney, and Natalie Killion for appellee.

- 670 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

Moore, Chief Judge, and Riedmann and Welch, Judges.

Riedmann, Judge.

## INTRODUCTION

Amanda T. appeals from the decision of the separate juvenile court of Douglas County terminating her parental rights to her minor children, Brooklyn T. and Charlotte T. Following our de novo review of the record, we affirm.

## BACKGROUND

Amanda is the mother of Brooklyn, born in September 2016, and Charlotte, born in February 2018. Daniel T. is the father to both children. His parental rights to the children were terminated prior to Amanda's, and he is not a part of this appeal.

In July 2017, the State filed a petition alleging that Brooklyn came within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016) due to the fault or habits of Amanda. The State alleged that Amanda had a history with the Nebraska Department of Health and Human Services (DHHS); Amanda used alcohol and drugs, placing Brooklyn at risk of harm; Amanda failed to provide parental care, support, supervision, and protection for Brooklyn; and as a result, Brooklyn was at risk of harm. The State additionally filed a motion for immediate custody of Brooklyn, which the court granted.

The State subsequently filed an amended petition and termination of parental rights (amended petition) against Amanda in August 2017. The amended petition contained three counts. Count I alleged that Brooklyn came under § 43-247(3)(a) by reason of the fault or habits of Amanda. Specifically, count I alleged that Amanda had a history with DHHS; Amanda used alcohol and drugs, placing Brooklyn at risk of harm; Amanda failed to provide parental care, support, supervision, and protection for Brooklyn; and as a result, Brooklyn was at risk of harm. Count II alleged that Amanda substantially and continuously or repeatedly neglected and refused to give Brooklyn necessary parental care and protection, in violation of

- 671 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

Neb. Rev. Stat. § 43-292(2) (Reissue 2016). Count III alleged that terminating Amanda's parental rights was in Brooklyn's best interests.

The juvenile court held an adjudication hearing on the State's amended petition in October 2017. At the adjudication hearing, Amanda admitted the allegations contained in count I of the amended petition and the State withdrew counts II and III, including its motion for termination of Amanda's parental rights. The court accepted Amanda's plea and adjudicated Brooklyn under § 43-247(3)(a). The juvenile court ordered Amanda to work with DHHS and family support services, as well as undergo a chemical dependency evaluation.

In February 2018, the State filed a motion for termination of parental rights (motion for termination) against Amanda. The State moved for termination under § 43-292(2) and (6), alleging that Amanda failed to maintain safe housing and a legal source of income, failed to cooperate with DHHS and visit Brooklyn, and failed to complete a chemical dependency evaluation. The State subsequently filed a second supplemental petition and termination of parental rights (second supplemental petition), seeking termination of Amanda's parental rights to Charlotte, born in February 2018. The second supplemental petition contained three counts: count I alleged that Charlotte lacked proper parental care by reason of the fault or habits of Amanda and therefore fell under § 43-247(3)(a); count II alleged that Amanda substantially and continuously or repeatedly neglected and refused to give Charlotte or a sibling necessary parental care and protection, in violation of § 43-292(2); and count III alleged that it was in Charlotte's best interests to terminate Amanda's parental rights.

As a part of its second supplemental petition, the State produced an affidavit from Ally Chavis, a family permanency specialist, who stated that when Amanda was admitted to the hospital to give birth to Charlotte, Amanda tested positive for amphetamine. Chavis additionally stated that Amanda had been "disengaged" with services after Brooklyn's removal in July

- 672 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

2017. Finally, Chavis indicated that Amanda had an extensive history with DHHS, including previously voluntarily relinquishing custody to her oldest daughter. The State also filed a motion for immediate custody of Charlotte, which was granted by the court.

A hearing was held on the State's motion to terminate Amanda's parental rights. At the hearing, Amanda pled to various portions of the motion for termination and the second supplemental petition. Regarding the motion for termination, Amanda admitted count I, that Brooklyn came under § 43-247(3)(a); count II, that Amanda was ordered to comply with DHHS' services by the court; count IV, that Brooklyn fell under § 43-292(2); and count VI, that it was in Brooklyn's best interests to terminate Amanda's parental rights. Regarding the second supplemental petition, Amanda admitted count I, paragraphs E and F, that she failed to provide proper parental care, support, supervision, and protection of Charlotte, which placed her at risk for harm; count II, that Charlotte fell under § 43-292(2); and count III, that it was in Charlotte's best interests to terminate Amanda's parental rights.

After ascertaining that Amanda's admissions were freely and voluntarily given, the juvenile court asked the State to provide a factual basis. The State offered exhibit 11, which contained all pleadings filed up to that point and Chavis' affidavit. The State then relayed that Brooklyn was removed from Amanda's home in July 2017 and was adjudicated in October. The State informed the court that Amanda was to engage in certain court-ordered services to rectify her parenting issues, which she failed to successfully complete or follow through with, including: chemical and psychological evaluations, family support work, and maintain housing and a legal source of income. The State also indicated that its evidence would show that Amanda had not rectified her drug use at the time Charlotte was born. Finally, the State indicated that Chavis would testify that it was in the children's best interests to terminate Amanda's parental rights. Specifically, the State informed the court:

- 673 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

[T]he concern for . . . Charlotte . . . is despite the fact that services had been offered to . . . Amanda . . . in regards to her sister, [Brooklyn's] case, that the services had yet to rectify the situation that brought Brooklyn into care, to include allegations of possible drug use and not providing for the minor child.

[Chavis] would testify that due to that history and the services that have been offered to [Amanda], both for Brooklyn and . . . Charlotte . . . , she would testify that it is in the best interest of Brooklyn and . . . Charlotte . . . to terminate [Amanda's] parental rights.

The juvenile court accepted Amanda's admissions and found a factual basis for the respective pleas. The court additionally stated, "The parties have agreed and the Court will adopt their recommendation that this be found to be a voluntary termination of parental rights on the part of the mother." Thus, the juvenile court terminated Amanda's parental rights to both Brooklyn and Charlotte. Amanda timely appealed.

## ASSIGNMENT OF ERROR

Amanda assigns that the juvenile court erred in terminating her parental rights because the State failed to adduce clear and convincing evidence that termination was in the children's best interests.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

## ANALYSIS

[2] Under § 43-292, in order to terminate parental rights, the State must prove, by clear and convincing evidence, that one or more of the statutory grounds listed in this section have been satisfied and that termination is in the child's best interests. *In re Interest of Hope L. et al.*, 278 Neb. 869, 775 N.W.2d

- 674 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

384 (2009). Here, Amanda admitted the State's allegations that Brooklyn and Charlotte fell under § 43-292(2) and that it was in their best interests to terminate Amanda's parental rights. According to Neb. Rev. Stat. § 43-279.01(3) (Reissue 2016), when termination of parental rights is sought, a court may accept an in-court admission as to all or part of the allegations in the petition. See *In re Interest of Zanaya W. et al.*, 291 Neb. 20, 863 N.W.2d 803 (2015). Section 43-279.01(3) then specifically states that the court should ascertain a factual basis for an admission. *In re Interest of Zanaya W. et al., supra*. However, § 43-279.01(3) does not specify precisely what the factual basis must entail. *In re Interest of Zanaya W. et al., supra*.

[3] Because Amanda admitted to the State's allegations regarding the statutory ground for termination and that termination was in the children's best interests, the State did not have to prove those allegations by clear and convincing evidence. See *In re Interest of Zanaya W. et al., supra* (determining that when parent admits bases for termination, State need not independently prove them by clear and convincing evidence). However, the State was required to put forth a factual basis for the allegations contained in the motion for termination and the second supplemental petition. See *id*. We therefore review the factual basis provided by the State.

*Statutory Grounds for Termination.*

Amanda does not assign as error the factual basis for the statutory grounds upon which termination was based, but because our review is de novo, we have reviewed the factual basis supporting termination under § 43-292(2) and find it sufficient.

Subsection (2) of § 43-292 provides grounds for termination when the parents of children have substantially and continuously or repeatedly neglected and refused to give the juvenile or a sibling of the juvenile necessary parental protection. The factual basis to support these allegations was that

- 675 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
26 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

Brooklyn was removed from Amanda's care in July 2017 due to Amanda's drug use, Amanda was to engage in certain court-ordered services to rectify the issues that led to Brooklyn's removal, Amanda failed to successfully complete or follow through with those services, and Amanda did not maintain adequate housing and a legal source of income. The factual basis also included evidence that when Charlotte was born, she tested positive for amphetamine.

The State's factual basis showed that Amanda's drug use prevented her from providing adequate parental care to Brooklyn and led to the removal of both Brooklyn and Charlotte from Amanda's home. Further, the State demonstrated that Amanda had not adequately addressed her drug use at the time of the hearing. Therefore, we find the State's factual basis sufficient to show that Amanda substantially and continuously or repeatedly neglected to give Brooklyn and Charlotte necessary parental protection and care.

*Best Interests.*

We next examine the State's factual basis to support the allegations that it is in the children's best interests to terminate Amanda's parental rights. Although Amanda argues that the State did not prove by clear and convincing evidence that termination of her parental rights was in the children's best interests, as stated above, due to Amanda's admission, the State does not have to prove this by clear and convincing evidence. See *In re Interest of Zanaya W. et al.*, 291 Neb. 20, 863 N.W.2d 803 (2015). The State must only present a sufficient factual basis to support its allegations. *Id*. We determine it to be sufficient.

The factual basis provided by the State was that Chavis would testify that, due to Amanda's history with DHHS and the services that were offered to Amanda which were not utilized, it would be in the children's best interests to terminate Amanda's parental rights. Additionally, exhibit 11, which was offered by the State and received by the court, contains Chavis'

- 676 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

affidavit indicating that Amanda has had over 16 intakes with DHHS, she has previously relinquished her parental rights to her oldest daughter, and she used methamphetamine throughout her pregnancy with Charlotte. Further, Chavis indicated in her affidavit that Amanda has made no effort to regain custody of Brooklyn, that she has been discharged unsuccessfully from family support services and agency supervised visitations, and that she had not participated in court-ordered drug and psychological evaluations.

The State's factual basis is sufficient to support a finding that it is in the children's best interests to terminate Amanda's parental rights. The State's evidence would show that Amanda has struggled with drug use throughout the case and that she was using methamphetamine while pregnant with Charlotte. It is detrimental to the children's best interests to grow up in a home where they would be exposed to drugs. See *In re Interest of Walter W.*, 274 Neb. 859, 744 N.W.2d 55 (2008).

Further, the State's evidence would show that Amanda was not able to complete agency supervised visitations with Brooklyn while she was in the custody of the State. Chavis stated in her affidavit that Amanda was "disengaged" with the services offered by DHHS. Although Amanda argues that it is in the children's best interests to have a relationship with her, the State's factual basis indicates that Amanda has not demonstrated any willingness to develop a healthy relationship with the children.

[4,5] Amanda has a long history with DHHS, and despite the services being offered to her, she has not addressed the concerns that initially led the State to remove Brooklyn from her care—primarily, her drug use. Although the children are still very young, the record does not indicate any likelihood that Amanda's behavior will change. Nebraska courts have recognized that children cannot, and should not, be suspended in foster care or be made to await uncertain parental maturity. *In re Interest of Giavonna G.*, 23 Neb. App. 853, 876 N.W.2d 422 (2016). Where a parent is unable or unwilling to rehabilitate

- 677 -

Nebraska Court of Appeals Advance Sheets
26 Nebraska Appellate Reports
IN RE INTEREST OF BROOKLYN T. & CHARLOTTE T.
Cite as 26 Neb. App. 669

himself or herself within a reasonable time, the best interests of the child require termination of the parental rights. *In re Interest of Zanaya W. et al., supra.*

Based upon our de novo review of the record, we conclude that the State presented a sufficient factual basis to support a finding that it was in the children's best interests to terminate Amanda's parental rights. This assigned error is without merit.

## CONCLUSION

The State presented a sufficient factual basis to establish that terminating Amanda's parental rights to Brooklyn and Charlotte was appropriate under § 43-292(2) and that termination of Amanda's parental rights was in the best interests of the children. We therefore affirm the order of the juvenile court.

Affirmed.