Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/16/2019 09:07 AM CDT

In re Interest of Donald B. and Devin B.,
children under 18 years of age.
State of Nebraska, appellee, v.
Candice I., appellant.

___ N.W.2d ___

Filed April 16, 2019.    No. A-18-675.

1. **Juvenile Courts: Appeal and Error.** An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings.
2. **Parental Rights: Proof.** Under Neb. Rev. Stat. § 43-292 (Reissue 2016), in order to terminate parental rights, the State must prove, by clear and convincing evidence, that one or more of the statutory grounds listed in the section have been satisfied and that termination is in the child's best interests.
3. **Juvenile Courts: Parental Rights.** A court may accept a parent's in-court admission as to all or any part of the allegations in a petition for the termination of parental rights.
4. ____: ____. When a parent admits all or part of the allegations in a petition for termination of parental rights, the court must still ascertain a factual basis for the admission.

Appeal from the Separate Juvenile Court of Douglas County: Chad M. Brown, Judge. Affirmed.

John J. Ekeh, of Ekeh Law Office, for appellant.

Donald W. Kleine, Douglas County Attorney, and Natalie Killion for appellee.

Moore, Chief Judge, and Pirtle and Arterburn, Judges.

- 127 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF DONALD B. & DEVIN B.
Cite as 27 Neb. App. 126

Arterburn, Judge.

## INTRODUCTION

Candice I. appeals from an order of the separate juvenile court of Douglas County that terminated her parental rights with respect to her son Devin B. On appeal, Candice argues that the juvenile court erred in accepting her admission to allegations in the termination motion as a voluntary relinquishment of her parental rights to Devin. She also argues that the court erred in terminating her parental rights with respect to one of her sons but not the other. Based on the following, we affirm the juvenile court's decision.

## BACKGROUND

Candice is the mother of two sons: Donald B., who was born in July 2003, and Devin, who was born in October 2004. On January 11, 2018, the State filed a third motion for termination of Candice's parental rights with respect to both of her sons. A hearing on the motion was held on June 8, at which time the parties advised the court that they had negotiated an agreement. Candice agreed to enter an admission to certain allegations contained in the third motion for termination as it related to Devin, and the State agreed in exchange to dismiss the motion's remaining allegations and remove Donald from the motion altogether. The State and Candice agreed that her admission would be treated as a voluntary relinquishment of her parental rights with respect to Devin so as to prevent the State or any other party from using the termination of her rights as to Devin against her with respect to Donald or any other child.

In accepting the parties' agreement, the court began by advising Candice of her rights and the possible consequences of the agreement. The court then discussed the terms of the parties' agreement before reviewing the motion's specific counts that Candice was admitting were true. Candice admitted that counts I, II, IV, IX, and X of the third motion for termination of parental rights were true.

- 128 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF DONALD B. & DEVIN B.
Cite as 27 Neb. App. 126

Count I of the third motion for termination of parental rights alleged that Devin had been found to be a juvenile within the meaning of Neb. Rev. Stat. § 43-247(3)(a) (Reissue 2016) on June 24, 2015. Count II alleged that Candice had been ordered to comply with various rehabilitation plans on June 24 and December 22, 2015; June 16 and December 14, 2016; June 27, 2017; and January 4, 2018. Count IV alleged that Devin fell within the meaning of Neb. Rev. Stat. § 43-292(1) (Reissue 2016), because he was a juvenile who had been abandoned by Candice for 6 or more months immediately prior to the petition's filing. Count IX alleged that termination of Candice's parental rights to Devin was in Devin's best interests. Count X alleged that reasonable efforts under Neb. Rev. Stat. § 43-283.01 (Cum. Supp. 2018) were not required, because Candice had subjected Devin to aggravating circumstances, including abandonment. Candice also acknowledged the benefits of the agreement, namely the State's inability to use the voluntary relinquishment against her in future proceedings and that the termination proceedings as to Donald would be dismissed.

The factual basis given by the State established that Devin was removed from parental care on March 24, 2015, and that Candice did not have any contact with Devin for approximately 2 years before the third motion for termination of parental rights was filed on January 11, 2018, despite the court's allowing her to have contact with him. Following Devin's removal in 2015, Candice was ordered to engage with certain services offered by the State in pursuit of reunification and did not follow through with these services. A caseworker would testify that she made efforts at engaging Candice in reunification services. The caseworker would also testify based on her education, training, and experience with the family that it would be in Devin's best interests that Candice's parental rights be terminated. The caseworker would further testify that Candice had not made sufficient progress, and the caseworker

- 129 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF DONALD B. & DEVIN B.
Cite as 27 Neb. App. 126

and other witnesses would testify that Candice lacked contact with Devin for a significant period of time.

When the State concluded its presentation of the factual basis for Candice's admission, Candice stated that she understood what evidence would be presented and did not dispute the factual basis. Accordingly, the court found that there was a factual basis for Candice's admission of the allegations in counts I, II, IV, IX, and X of the third motion for termination of her parental rights. The court noted that count III of the motion was also satisfied because the court took judicial notice of the case file, which was presented as an exhibit. The court further found that Candice's admission was knowingly, intelligently, and understandingly made. Thus, the court terminated Candice's parental rights with respect to Devin. Pursuant to the parties' agreement, the State then moved to dismiss the motion's remaining allegations. The remainder of the hearing largely revolved around the future case plan for Donald, which maintained a goal of reunification with a concurrent goal of guardianship.

The court entered an order dated June 8, 2018, which stated that termination of Candice's parental rights was in Devin's best interests and that it therefore accepted Candice's voluntary relinquishment of her parental rights with respect to Devin. The court ordered Devin to be placed into the custody of the Nebraska Department of Health and Human Services (the Department) for adoption planning and placement. In the same order, the court also noted that the permanency planning objective with respect to Donald was reunification concurrent with guardianship.

Candice now appeals.

## ASSIGNMENTS OF ERROR

Candice assigns that the juvenile court erred in accepting her admission to allegations in the termination motion as a voluntary termination of her parental rights with respect to

Devin and further erred in terminating her parental rights with respect to one of her two sons but not the other.

## STANDARD OF REVIEW

[1] An appellate court reviews juvenile cases de novo on the record and reaches a conclusion independently of the juvenile court's findings. *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

## ANALYSIS

[2-4] Under § 43-292, in order to terminate parental rights, the State must prove, by clear and convincing evidence, that one or more of the statutory grounds listed in the section have been satisfied and that termination is in the child's best interests. *In re Interest of Nicole M.*, 287 Neb. 685, 844 N.W.2d 65 (2014). A court may accept a parent's in-court admission as to all or any part of the allegations in a petition for the termination of parental rights. Neb. Rev. Stat. § 43-279.01(3) (Reissue 2016). See *In re Interest of Zanaya W. et al.*, 291 Neb. 20, 863 N.W.2d 803 (2015). When a parent admits all or part of the petition's allegations, the court must still ascertain a factual basis for the admission. § 43-279.01(3).

In the present case, Candice does not dispute the factual basis accepted by the juvenile court. Instead, she argues, "The Court has no authority to accept [Candice's] relinquishment pursuant to Nebraska Law." Brief for appellant at 9. On the contrary, § 43-279.01(3) empowers juvenile courts to accept a parent's in-court admission of the allegations in a petition for the termination of parental rights so long as there also exists a factual basis for the admission. See *In re Interest of Zanaya W. et al., supra* (affirming termination of father's parental rights where he admitted neglect allegation under § 43-292(2) and for which State provided sufficient factual basis).

Candice admitted portions of the third motion for termination of her parental rights, including count IV, which alleged that Candice had abandoned Devin for a period of 6 months or

- 131 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF DONALD B. & DEVIN B.
Cite as 27 Neb. App. 126

more immediately prior to the petition's filing. This established that Devin came within the meaning of § 43-292(1). The court accepted Candice's admission, finding that it was knowingly, intelligently, and understandingly made. The court thereafter accepted the State's factual basis, which included mention that Candice had no contact with Devin for approximately 2 years before the motion for termination was filed and had not followed through with the services offered to her.

In her brief on appeal, Candice cites two cases in support of her argument that the juvenile court could not accept her admission as a voluntary termination of her parental rights: *In re Interest of Gabriela H.*, 280 Neb. 284, 785 N.W.2d 843 (2010), and *In re Interest of Cornelius K.*, 280 Neb. 291, 785 N.W.2d 849 (2010). Neither of these cases is analogous to the present case.

Unlike the present case, the Department was the appellant in both *In re Interest of Gabriela H.* and *In re Interest of Cornelius K.* In *In re Interest of Gabriela H.*, the Department appealed from a juvenile court's order that directed the Department to accept a voluntary relinquishment of parental rights. Both of the child's parents decided to relinquish their parental rights, but the Department asked the court to defer action on their relinquishment until it could find an adoptive home for the child. Notably, one of the child's parents was making substantial child support payments, which partially offset the Department's costs with respect to the child. On appeal, the Nebraska Supreme Court held that a juvenile court has authority to order the Department to accept a voluntary relinquishment of parental rights when the child has already been adjudicated pursuant to § 43-247(3)(a) and a permanency objective of adoption has been determined.

On appeal, the court in *In re Interest of Cornelius K.* first reaffirmed its holding in *In re Interest of Gabriela H.* before addressing a slightly different factual scenario. The juvenile court in *In re Interest of Cornelius K.* had accepted a voluntary relinquishment of parental rights *before* any adjudication

- 132 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF DONALD B. & DEVIN B.
Cite as 27 Neb. App. 126

or permanency plan was developed for the child. This did not follow the procedure outlined in *In re Interest of Gabriela H.* Thus, the Supreme Court held that the relinquishment in *In re Interest of Cornelius K.* was not legally accepted, therefore constituting procedural error by the juvenile court.

Neither of these cases has any bearing on the case now before us. We find that the juvenile court was empowered to accept Candice's admission to the allegations contained in the third motion for termination of her parental rights and to rely on her admission in terminating her parental rights.

Candice also argues in the present case that the juvenile court erred in terminating her parental rights with respect to Devin but not Donald. We note that the State argued in response that Devin needed permanency more than Donald due to their disparate ages. The State's brief on appeal indicated that Devin was 14 years old at the time of the termination hearing, while Donald was 18 years old. This is incorrect. Our record shows that Devin was born in October 2004, while Donald was born in July 2003, making them ages 13 and 14, respectively, at the time of the termination hearing. However, the age of the children is not germane to our analysis.

Candice specifically alleges, "You cannot terminate on one child and not the other." Brief for appellant at 10. Candice's proposition is not supported in our case law. We have found that it is appropriate in some instances to terminate parents' rights with respect to some, but not all, of their children. In *In re Interest of Justin H. et al.*, 18 Neb. App. 718, 791 N.W.2d 765 (2010), we found that the parental rights of the mother and father should be terminated as to some, but not all, of the children. We noted that one of the children had sexually assaulted another of the children. We found that due to the safety considerations for the remaining children in the home and the ongoing issues that needed to be addressed with the offending child, the parents could not protect the remaining children in the home. We also found that the evidence demonstrated that the victimized child had been so traumatized by the sexual

- 133 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
27 NEBRASKA APPELLATE REPORTS
IN RE INTEREST OF DONALD B. & DEVIN B.
Cite as 27 Neb. App. 126

assault that the child was never going to be able to feel safe in his parents' home. As a result, the evidence supported terminating the parental rights with respect to only those two children. However, the evidence did not support termination as to the remaining children.

Moreover, the termination in the present case was voluntary. Candice admitted that the factual basis was true and that it was in Devin's best interests to have her parental rights terminated. Nonetheless, Candice relies on *In re Interest of Xavier H.*, 274 Neb. 331, 740 N.W.2d 13 (2007), which reversed the termination of a mother's parental rights with respect to one of her three children. In *In re Interest of Xavier H.*, the State made no attempt to adjudicate or seek termination of the mother's rights to the youngest child's older siblings. The State sought termination of her rights to the youngest child based on a number of factors, which included, but were not limited to, the difficulties that the mother had in managing the two children she had custody of, particularly when considered in light of the heightened demands that would exist by adding a third child to the household. The Supreme Court was troubled by the State's contrasting position as to the three children. Finding that it could not account for the inconsistency of those positions, the court found that the mother's rights as to the youngest child should not be terminated. Additionally, the Supreme Court also cited numerous other factors, which did not favor termination. These included several areas of improvement with respect to the mother's mental health, employment, and parenting abilities in reaching its conclusion.

The present case is much different from *In re Interest of Xavier H.* Here, Candice agreed that a factual basis existed for termination of parental rights and that termination was in Devin's best interests. Moreover, she received the benefit of being able to avoid trial and work toward reunification with respect to Donald. Our record demonstrates the basis for this distinction. The record shows that although Candice

- 134 -

Nebraska Court of Appeals Advance Sheets
27 Nebraska Appellate Reports
IN RE INTEREST OF DONALD B. & DEVIN B.
Cite as 27 Neb. App. 126

ceased having contact with Devin more than 2 years prior to the State's filing the third petition for termination of parental rights, she was maintaining contact with Donald. Her caseworker testified that therapeutic visits were going well and that reports from the therapist and Donald's foster parent were positive. Candice was enrolled in an outpatient treatment program and was testing negative for drugs. Plans were being made to begin supervised visitation.

While the record is not clear why Candice was engaged in services aimed at strengthening her relationship with Donald while not doing so as to Devin, it is clear that she entered into the agreement with the State knowingly, voluntarily, and intelligently. She waived her rights and entered her admission with full knowledge of the repercussions. Based on the record before us, we can find no basis to set the parties' agreement aside and return the case to the status that existed prior to its inception. We therefore find her argument without merit and affirm the order of the juvenile court that terminated Candice's parental rights with respect to Devin but not Donald.

## CONCLUSION

Based on our de novo review of the record, we find that the juvenile court did not err in relying on Candice's admissions as a voluntary termination of her parental rights. Moreover, we find that the juvenile court did not err in terminating Candice's parental rights with respect to one of her two sons pursuant to her agreement with the State. We therefore affirm the order of the juvenile court that terminated Candice's parental rights with respect to her son Devin.

Affirmed.